Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida ▼

____Tampa_____ Division

Corey Wayne Swearingen

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Attn:
City of Tampa/Tampa Fire Rescue

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 8:26-CV-404-WFJ-NHA
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ✓Yes ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | Corey Wayne Swearingen |
  | Street Address | 502 S Fremont Ave Apt 1014 |
  | City and County | Tampa Hillsborough |
  | State and Zip Code | FL 33606 |
  | Telephone Number | 321-212-8897 |
  | E-mail Address | cswearingen92@gmail.com |

  B. **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

TPA73114
405

Page 1 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
    Name      Attn. City of Tampa/Tampa Fire Rescue
    Job or Title *(if known)*
    Street Address      808 E. Zack St
    City and County      Tampa Hillsborough
    State and Zip Code      FL 33602
    Telephone Number      (813) 274-7011
    E-mail Address *(if known)*

Defendant No. 2
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

C.  **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Attn: City of Tampa/Tampa Fire Rescue |
| Street Address | 808 E. Zack St |
| City and County | Tampa Hillsborough |
| State and Zip Code | FL 33602 |
| Telephone Number | (813) 274-7011 |

II.  **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Other federal law *(specify the federal law)*:
FMLA of 1993

☑     Relevant state law *(specify, if known)*:
Florida Civil Rights Act of 1992

☐     Relevant city or county law *(specify, if known)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: Disparate treatment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
01/28/2025, 06/22/2025

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
Anixety, PTSD

E. The facts of my case are as follows. Attach additional pages if needed.

I have worked for Tampa Fire Rescue since March 25, 2019. I was promoted to Rescue Lieutenant effective December 22, 2024. I have a mental impairment and/or record of such impairment that substantially limits one or more of my major life activities. In January 2025, responding to a call triggered my mental impairment. I requested assistance and an exchange of shifts due to my disability, but management denied my request. Despite management's knowledge of my disability and that I was receiving ongoing medical treatment, the City did not engage in any interactive process for any accommodation. Instead, the employer initiated disciplinary proceedings against me for alleged policy violations which led to disparate treatment and demotion, loss of wages.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)* 09/29/2025

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 11/14/2025.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pain and suffering. Emotional and mental distress due to my demotion and lost wages. Medical bills covered.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 02/12/2026

Signature of Plaintiff
Printed Name of Plaintiff   Corey Swearingen

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Print   Save As...   Add Attachment   Reset



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Tampa Field Office
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/14/2025

**To:** Corey Swearingen
202 N Fremont Ave Apt 11
Tampa, FL 33611
Charge No: **511-2025-05296**

EEOC Representative and email:    ELVIN ARCE
INVESTIGATOR SUPPORT ASSISTANT
ELVIN.ARCE@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2025-05296.

On behalf of the Commission,

Digitally Signed By: Tamra S. Schweiberger
11/14/2025

Tamra S. Schweiberger
Director

Cc:
City of Tampa/Tampa Fire Rescue
Attn: General Manager
808 E. Zack Street
Tampa, FL 33603

Yvette Everhart Esq.
Sass Law Firm
601 W. Dr. MLK, Jr. Blvd.
Tampa, FL 33603

Please retain this Notice for your records.

"The foundation for Mr. Swearingen's PTSD began on March 9, 2021, when he responded to the tragic death of Master Patrol Officer Jesse Madsen in a head-on collision. As part of his duties, Mr. Swearingen drove the deceased officer from the scene to the medical examiner, a traumatic experience that would later manifest as post-traumatic stress disorder. This initial trauma remained dormant until January 2025, when Mr. Swearingen responded to another high-speed chase on the same interstate where two Florida Highway Patrol officers were shot. The similarity between these incidents triggered severe flashbacks and panic attacks, forcing Mr. Swearingen to go out of service for an hour to collect himself after experiencing a mental breakdown during the call.

The City learned of Mr. Swearingen's mental health struggles when he experienced a nervous breakdown during an open house event on January 27, 2025, and he immediately began intensive outpatient treatment. On January 27, 2025, Mr. Swearingen sent texts to the station group chat and captains, requesting assistance with shift coverage for January 29, 2025, stating: "Well boys I never ask for much but I'm looking for coverage for the next 4 shifts. I need some time off. I know we didn't even see the cops but entire time we're rolling in I'm expecting the worse. Need to get my shit together" and "I was reliving this scene all over again." Within an hour of his texts, Chief Spradlin, who was off duty denied his request. That same day, Mr. Swearingen also posted on the department's Facebook page stating that "I'm really struggling with personal issues." Chief Spradlin and other supervisors knew about Mr. Swearingen's request and Facebook posts and his ongoing twice-daily outpatient treatment, yet the City failed to engage in any interactive process to determine what reasonable accommodations might assist him. The City also failed to inquire whether he needed a job-protected leave of absence under the Family and Medical Leave Act of 1993 ("FMLA") for his own serious health conditions. Instead, the City denied his request for time off and shift exchanges without any inquiry into his mental health status or accommodation needs. Following his disclosure of his mental health struggles and request for time off and shift exchanges, Mr. Swearingen worked light duty on January 31, 2025, further demonstrating the City's knowledge of his disability. Rather than providing support, the City immediately disciplined him for requesting an exchange on the department's Facebook page "TFR EOTs." Notably, the Facebook page shows

dozens of employees regularly posting shift exchanges, including Paul Yglesias, Mike Hale, Benjamin Torrens, Justin Moran, Ralph Alvarez Jr., and many others, none of whom faced disciplinary action for identical conduct. Within a week of his disclosure of his mental health struggles, the City began heavily monitoring Mr. Swearingen and writing him up for failing to complete station log entries on various dates between December 2024 and March 2025, in order to set him up for demotion. However, extensive documentation reveals that multiple other employees at Station 14 and throughout the department routinely failed to complete daily vehicle checks and log entries without facing similar discipline, including employees at Captain Spradlin's own station. .

Contrary to this evidence of differential treatment, the City moved forward with disciplining and demoting Mr. Swearingen on June 22, 2025, reducing his pay by $10,000 annually and placing stigmatizing documentation in his personnel file. Subsequently, Mr. Swearingen required an FMLA medical leave of absence at the IAFF Center for Excellence from June 22 through July 28, 2025, which he completed the program, and returned to work with medical clearance for full duty on August 11, 2025. Although he returned to work, he has serious concerns about continued retaliation and discrimination designed to push him out of the agency. The City's conduct violates the ADA and the FCRA. Specifically, the City violated the ADA when it failed to engage in the interactive process to determine reasonable accommodations for Mr. Swearingen's PTSD disability despite having actual knowledge of his condition and treatment needs. The City further violated the ADA and the FMLA by subjecting Mr. Swearingen to adverse employment actions, including his unlawful demotion, based on his disability and his requests for accommodation. Additionally, the City's disparate treatment of Mr. Swearingen— disciplining him for conduct that numerous non-disabled employees routinely engaged in without consequence—is further evidence of disability discrimination in violation of federal and state law. The City also engaged in unlawful retaliation under the ADA and FCRA when it demoted Mr. Swearingen after he disclosed his PTSD and requested assistance. The temporal proximity between Mr. Swearingen's protected activities and his demotion, combined with the pretextual nature of the stated reasons for discipline and the discriminatory comments made by supervisors, establishes a pattern of retaliation. The City's failure to provide equal treatment and reasonable accommodations, while

simultaneously punishing Mr. Swearingen for his disability-related conduct, violates his fundamental civil rights under federal and state law."